HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORMA RODRIGUEZ,

        Plaintiff,

    v.

PIERCE COUNTY, a municipal corporation and local political subdivision of the State of Washington,

        Defendant.

Case No.  C05-5140 RBL

ORDER OF REFERRAL

Plaintiff, Norma Rodriguez, has requested reassignment of this case alleging that an appearance of impartiality, bias or prejudice exists and that recusal is appropriate. The request is made pursuant to 28 U.S.C. § 144 and § 455 (2003). In this District, such requests are handled according to the procedures outlined in Local General Rule 8. GR 8(c) provides:

> Whenever a motion to recuse due to alleged bias or prejudice directed at a judge of this Court is filed pursuant to 28 U.S.C. § 144, the Clerk shall refer it to the chief judge. . . . Before a ruling is made on a motion to recuse any judge, the challenged judge will be afforded an opportunity to review the motion papers and decide whether to recuse voluntarily.

Pursuant to the rule, the Clerk of the Court has referred the plaintiff's request to Chief Judge Lasnik for resolution. As the challenged judge, Judge Leighton has reviewed the motion papers and has decided to not voluntarily recuse himself from handling this matter.

When Congress amended 28 U.S.C. § 455(a) it made clear that judges should apply an objective standard in determining whether to recuse. A judge contemplating recusal should not ask whether he or

Page - 1

1  she believes he or she is capable of impartiality presiding over the case. The statute requires recusal in any
2  case "in which (the judge's) impartiality might reasonably be questioned." *See United States v. Studley,*
3  783 F.2d 934, 939 (9th Cir. 1986). The motion and supporting materials have been reviewed with this
4  standard in mind.

5       In her complaint, plaintiff alleges that defendant, Pierce County, discriminated against her and
6  deliberately made her working conditions intolerable, thus forcing her out of her job. She further asserts
7  that Pierce County and specific employees named in the complaint negligently inflicted emotional distress,
8  deprived plaintiff of her right to free speech and that Pierce County negligently hired, supervised and
9  retained its Personnel Director. Defendant, represented by the firm of Sloan, Bobrick, Oldfield & Helsdon,
10 denies the allegations.

11      Plaintiff's motion for reassignment centers around her presumption of a relationship between this
12 case and the law firm of Burgess, Fitzer, where the trial judge's spouse is "Of Counsel."

13      Plaintiff asserts that she is "a former long-term employee of Pierce County, and that her job
14 responsibilities included investigations into alleged misconduct in numerous employment-related matters,
15 some of which may have been shared with the Burgess, Fitzer firm for purposes of litigation." Para. 2
16 Certificate of Good Faith Request for Reassignment [Dkt. #71]. Plaintiff does not allege that she had
17 contact with Burgess, Fitzer lawyers, that the investigations into alleged misconduct are relevant to the
18 claims presently before this Court or that any Burgess, Fitzer lawyer or employee will be a witness in this
19 case.

20      The plaintiff also notes that the Burgess, Fitzer firm lists Pierce County as a client on its website
21 (www.burgessfitzer.com/clientele). She speculates that Burgess, Fitzer may have been offered the
22 opportunity to defend Pierce County in this litigation but offers no evidence to support the speculation. In
23 any event, such an occurrence would not call for recusal here. *See* Code of Judicial Conduct, Judge's
24 Guide § 3.2-3(a-1) attached.

25      Next, plaintiff points to a 2003 public disclosure lawsuit she initiated in an attempt to secure
26 records from an investigation into alleged misconduct among employees of Pierce County. In the lawsuit a
27 declaration was reportedly filed by Bertha Fitzer, a Deputy Prosecuting Attorney and wife of a partner at
28 Burgess, Fitzer. The materials filed with this Court by plaintiff are silent as to whether Burgess, Fitzer

1  represented Pierce County in the 2003 public disclosure lawsuit.  Moreover, there is no assertion that the
2  public disclosure litigation is relevant to the lawsuit before this Court or that Ms. Fitzer will be a witness in
3  this case.  Even if Ms. Fitzer were listed as a potential witness, this Court would not conclude that recusal
4  was necessary based upon a reasonable and objective belief that the Court could not be impartial.

5  Even if Pierce County were represented by Burgess, Fitzer, the Court would not be required to
6  recuse itself, and likely would not do so.  The income earned by the judge's spouse is in no way dependent
7  upon the work performed by the other lawyers in the firm.  Moreover, she does not represent Pierce
8  County.  Nevertheless, a case in which Burgess, Fitzer represented a party would present a closer question,
9  as it might present an appearance of impartiality to have the Court preside over a matter handled by the
10 firm with whom his spouse is associated.  However, the Court does not reflexively recuse itself from
11 hearing cases.  The Court notes that it currently presides over other cases in which Pierce County is a
12 defendant and that prior cases involving Pierce County have been assigned to this Court and have been
13 handled to final disposition.  The Court has also regularly presided over criminal matters where a panel
14 member under the Criminal Justice Act is associated with Burgess, Fitzer.  Because the judge's spouse is
15 not an equity partner at Burgess, Fitzer she has no interest that could be substantially affected by the
16 outcome of the proceeding.  Recusal under such circumstances is not required.  *See* Advisory Opinion #58
17 to the Code of Judicial Conduct (attached hereto).

18 For the foregoing reasons, this Court will not voluntarily recuse itself and refers this matter to the
19 Chief Judge for review as contemplated by GR8(c).

20 Dated this 25th day of October, 2005.

21
22              /s/ Ronald B. Leighton
                RONALD B. LEIGHTON
23              UNITED STATES DISTRICT JUDGE