UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NORMA RODRIGUEZ,                 )   No. C05-5140 RBL
                                 )
            Plaintiff,           )
      v.                         )   ORDER
                                 )
PIERCE COUNTY,                   )
                                 )
            Defendant.           )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a "Certificate of Good Faith - Request for Reassignment." Dkt. # 11. The Honorable Ronald B. Leighton, United States District Judge, declined to recuse himself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 14. Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER

bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).

Having reviewed the record and considered all of plaintiff's allegations regarding the relationship between the spouse of the presiding judicial officer and the above-captioned matter, the Court finds that there is no evidence of bias or prejudice against plaintiff or in favor of the defendant in this case. Nor would the fact that Judge Leighton's wife is employed by the law firm of Burgess Fitzer give rise to an appearance of bias: Burgess Fitzer is not involved in this litigation and plaintiff has not alleged any contact between or among herself, defendant, Burgess Fitzer, and/or Judge Leighton's wife that might impact the impartiality of the presiding judicial officer.

Because there is no evidence or appearance of bias or prejudice, plaintiff's motion for recusal is DENIED.

DATED this 27th day of October, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER                                                          -2-